UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL CANNON, et al.,<br><br>                    Plaintiff(s),<br><br>    v.<br><br>KEOLIS TRANSIT AMERICA, INC., et al.,<br><br>                    Defendant(s). | Case No. 2:14-CV-1983 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Veolia Transportation Services, Inc.'s ("Veolia") motion for judgment on the pleadings and, alternatively, motion to dismiss complaint. (Doc. # 19). Plaintiffs filed a response, (doc. # 27), and Veolia filed a reply, (doc. # 37).

Also before the court is plaintiffs Michael Cannon, Rita Hunter, Richard Moyer, John Starks, and Daniel Vargas' motion to amend the complaint. (Doc. # 26). Defendant MV Transportation ("MVT") filed a response, (doc. # 34), which defendant Keolis Transit America, Inc. ("Keolis") joined, (doc. # 36). Defendant Veolia filed a separate response. (Doc. # 38). Plaintiffs filed a reply. (Doc. # 40).

**I.    Background**

Plaintiffs are former employees of Veolia. (Doc. # 1 at 3). Veolia employed plaintiffs in various supervisory roles. In 1992, the Regional Transportation Commission of Southern Nevada ("RTC") hired Veolia. (*Id.* at 4). In 2013, Veolia lost certain contracts with RTC. (*Id.*). RTC awarded Keolis and MVT the contracts previously performed by Veolia. (*Id.*). After Veolia lost the bid for the RTC contracts, Veolia employees, whose jobs were dependent on the contracts, faced layoffs.

**James C. Mahan**
**U.S. District Judge**

In May 2013 Keolis and MVT held town hall-type meetings with Veolia employees facing layoffs. (*Id.*). Plaintiffs assert that Keolis' general manager, Dwight Brashear, and MVT's assistant manager, Peter Write, assured all Veolia employees facing layoffs that they would be hired by Keolis or MVT. (*Id.*). On July 6, 2013, Veolia laid off all 1,087 employees associated with the lost contracts. (*Id.*).

Plaintiffs filed their complaint on November 26, 2014. (Doc. # 1). Plaintiffs allege two causes of action: (1) age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"); and (2) disability discrimination and failure to accommodate in violation of the Americans with Disabilities Act ("ADA"). (*Id.* at 5-6). Plaintiffs allege that they were the only supervisors laid off by Veolia who Keolis or MVT did not hire. (Doc. # 1 at 4).

Veolia filed a motion for judgment on the pleadings, and, alternatively, a motion to dismiss. After Veolia filed its motion for judgment on the pleadings, plaintiffs filed a motion to amend or correct their complaint. The court will address plaintiffs' motion to amend first.

**II.   Legal standard**

*A.   Motion to amend*

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave.

In *Foman v. Davis,* 371 U.S. 178 (1962), the Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Id.* at 182.

*B.   Motion for judgment on the pleadings*

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are "functionally identical" to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). However, a "Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a

James C. Mahan
U.S. District Judge

- 2 -

whole, and not merely the complaint." *Amerson v. Cty. of Clark*, 2011 WL 4433751, *1-2 (D. Nev. Sept. 21, 2011) (citing *Aponte-Teorres v. Univ. of P.R.*, 445 F.3d 50, 54-55 (1st Cir. 2006)).

In reviewing a 12(c) motion for judgment on the pleadings, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings is appropriate when, taking everything in the pleadings as true, the moving party is entitled to judgment as a matter of law. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007); *Honey v. Distelrath*, 195 F.3d 531, 532 (9th Cir. 1999). The allegations of the nonmoving party must be accepted as true while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).

C. Motion to dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint

James C. Mahan
U.S. District Judge

1  alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the
2  alleged misconduct. *Id.* at 678.
3  Where the complaint does not permit the court to infer more than the mere possibility of
4  misconduct, the complaint has "alleged–but it has not shown–that the pleader is entitled to relief."
5  *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the
6  line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.
7  The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202
8  (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.* at 1216.

**III.  Discussion**

*A.  Motion to amend*

Plaintiffs seek leave to amend their complaint to add a claim for retaliatory failure to hire. Plaintiffs allege they were not hired because they filed worker's compensation claims. Defendants argue that retaliatory failure to hire is not a recognized cause of action in Nevada.

This is a case of first impression. Retaliatory failure to hire is a narrow tort derived from Nevada common law, not statute. In *Hansen v. Harrah's*, 100 Nev. 60 (1984), the Nevada Supreme Court held that "retaliatory discharge by an employer stemming from the filing of a workmen's compensation claim by an injured employee is actionable in tort." *Id.* at 64.

Plaintiffs argue that the court should expand Nevada law and recognize a cause of action for retaliatory failure to hire or rehire. Plaintiffs assert that because not hiring an individual for filing a worker's compensation claim violates public policy, the court should expand retaliatory failure to discharge to include retaliatory failure to hire or rehire.

While a narrow cause of action for retaliatory discharge for filing worker's compensation exists, this court declines to expand this cause of action to encompass retaliatory failure to hire or

**James C. Mahan**
**U.S. District Judge**

- 4 -

rehire. *See McNamee v. Freeman Decorating Servs., Inc.*, No. 2:10-CV-01294-GMN, 2012 WL 1142710, at *2 (D. Nev. Apr. 4, 2012) (dismissing a claim for retaliatory failure to hire on the grounds that such a claim is not recognized in Nevada). Accordingly, plaintiffs' motion to amend will be denied.

### B. Motion for judgment on the pleadings and motion to dismiss

Defendant Veolia brought the motion for judgment on the pleadings and, alternatively, motion to dismiss for failure to state a claim upon which relief can be granted. Veolia claims that plaintiffs insufficiently state claims of age and disability discrimination because *all* similarly situated employees, regardless of age or disability, were laid off when Veolia lost the RTC contract. (Doc. # 19). Plaintiffs argue that Veolia engaged in discrimination based on age and disability by working with Keolis and MVT to transition laid off employees into new positions with Keolis and MVT. (Doc. # 27).

Motions for judgment on the pleadings are "functionally identical" to motions to dismiss. *See Dworkin*, 867 F.2d at 1192. Thus, the court will analyze Veolia's motion for judgment on the pleadings and motion to dismiss concurrently.

#### i. Age discrimination

The Age Discrimination in Employment Act makes it unlawful for employers to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his . . . employment, because of such individual's age." 29 U.S.C. § 623(a)(1) (2015).

In order to state a valid claim, plaintiffs must allege that (i) they belong to a protected class; (ii) they were qualified for the positions; (iii) they were subject to an adverse employment action; and (iv) similarly situated individuals outside their protected class were treated more favorably. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Plaintiffs sufficiently allege a claim for age discrimination. Plaintiffs' complaint alleges that all plaintiffs were 40 years of age and above when terminated. (Doc. # 1; doc. # 27). Plaintiffs further allege that they applied for and were qualified for job vacancies that Keolis and MVT were seeking to fill. (*Id.*). Plaintiffs also allege that their applications were rejected by Veolia. (*Id.*).

James C. Mahan
U.S. District Judge

- 5 -

Lastly, plaintiffs allege that following their rejections, the jobs remained vacant and Veolia continued to seek applicants with qualifications similar to plaintiffs'. (*Id.*).

Plaintiffs' complaint contains sufficient factual matter to "state a claim [for] relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted). Accordingly, defendant Veolia's motion for judgment on the pleadings and alternatively, motion to dismiss for age discrimination, will be denied.

### i. Disability discrimination

For plaintiffs to establish a prima facie case that Veolia failed to accommodate their disabilities under the Americans with Disabilities Act ("ADA"), plaintiffs must demonstrate that (1) they are disabled within the meaning of the ADA; (2) they are qualified individuals, able to perform the essential functions of the job with reasonable accommodation; and (3) they suffered adverse employment actions because of their disabilities. *See Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999).

The ADA defines disability as "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual." 42 U.S.C. § 12102(1). Under the ADA, a person is impaired if the impairment "limit[s] a major life activity, and the limitation on the major life activity [is] substantial." *EEOC v. U.S. Parcel Serv., Inc.*, 306 F.3d 794, 801 (9th Cir. 2002).

Major life activities are defined as important living functions such as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). A person's major life activities are "substantially limited" if that person is unable to perform a major life activity or is "significantly restricted" in his or her ability to do so compared to the "average person in the general population." 29 C.F.R. § 1630.2(j).

Veolia argues that because RTC did not renew Veolia's contract, Veolia was forced to lay off all 1,087 employees, not merely those with disabilities. (Doc. # 19). Plaintiffs argue that even though Veolia did not directly hire for Keolis and MVT, it recommended certain former employees over others. (Doc. # 27).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

Plaintiffs have sufficiently alleged a cause of action under the ADA. Plaintiffs' complaint claims that each plaintiff has suffered a physical impairment within the meaning of the ADA.[1] Plaintiffs also allege that all plaintiffs were qualified individuals under the ADA, because "with or without reasonable accommodations they could have performed the essential functions of the jobs they applied for at Keolis and MV[T]." (Doc. # 1 at 7). Finally, plaintiffs have alleged that they were not hired by Keolis and MVT due to recommendations by Veolia that were based on plaintiffs' disabilities. Accordingly, Veolia's motion for judgment on the pleadings and alternatively, motion to dismiss for disability discrimination, will be denied.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs Michael Cannon, Rita Hunter, Richard Moyer, John Starks, and Daniel Vargas' motion to amend the complaint (doc. # 26) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Veolia's motion for judgment on the pleadings and, alternatively, motion to dismiss complaint (doc. # 19) is DENIED.

DATED July 22, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs allege the following impairments: Cannon suffered back injuries from an auto accident on the job and wrist and ankle injuries from an assault which occurred at work. Hunter has problems with her heart and circulatory system, as well as migraine headaches and intestinal problems. Moyer sustained injuries to his arm, knee and back from being hit by a person on a bicycle while on the job. Starks has physical impairments to his back and his ring finger on his left hand, each of which required surgery. Lastly, Vargas has physical impairments to his right hand, back and neck as a result of on the job injuries. (Doc. # 1 at 6-7).

**James C. Mahan**
**U.S. District Judge**